ORIGINAL

1 THOMAS E. FRANKOVICH,
  *A Professional Law Corporation*
2 THOMAS E. FRANKOVICH (State Bar No. 074414)
  4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
  Telephone:   415/674-8600
4 Facsimile:   415/674-9900

**FILED**

FEB 2 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5 Attorneys for Plaintiff
6 CRAIG YATES, an individual

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

CV11 0517

10 CRAIG YATES, an individual,           ) **CASE NO.**
11                                       ) **Civil Rights**
            Plaintiff,                   )
12                                       ) **COMPLAINT FOR INJUNCTIVE RELIEF**
   v.                                    ) **AND DAMAGES:**
13                                       )
   THE CREPE HOUSE, a.k.a., PHYLLIS      ) **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
14 SCHROBSDORFF, TRUSTEE OF THE          ) by a Public Accommodation in Violation of the
                                         ) Americans with Disabilities Act of 1990 (42
15 PHYLLIS SCHROBSDORFF LIVING           ) U.S.C. §12101, *et seq.*)
   TRUST, dated January 1989,            )
16                                       ) **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
                                         ) and Equal Access in Violation of California
17         Defendant.                    ) Civil Code §§54, 54.1 and 54.3
                                         )
18 ─────────────────────────────────────) **3ʳᵈ CAUSE OF ACTION:** For Denial of
                                           Accessible Sanitary Facilities in Violation of
19                                         California Health & Safety Code §19955, *et seq.*

20                                        **4ᵗʰ CAUSE OF ACTION:** For Denial of
                                          Access to Full and Equal Accommodations,
21                                        Advantages, Facilities, Privileges and/or
                                          Services in Violation of California Civil Code
22                                        §51, *et seq.* (The Unruh Civil Rights Act)

23

24                                        **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1        Plaintiff CRAIG YATES, an individual, complains of defendant PHYLLIS

2 SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated

3 January 1989 and alleges as follows:

4 **INTRODUCTION:**

5     1.     This is a civil rights action for discrimination against persons with physical

6 disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7 for failure to remove architectural barriers structural in nature at defendants' CREPE HOUSE, a

8 place of public accommodation, thereby discriminatorily denying plaintiff and the class of other

9 similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

10 opportunity to participate in, and benefit from, the goods, facilities, services, and

11 accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

12 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14     2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

15 June 26, 2010, November 22, 2010 and January 13, 2011, was an invitee, guest, patron, customer

16 at defendants' CREPE HOUSE, in the City of San Francisco, California.  At said times and

17 place, defendants failed to provide proper legal access to the restaurant, which is a "public

18 accommodation" and/or a "public facility" including, but not limited to entrance, seating, unisex

19 restroom.  The denial of access was in violation of both federal and California legal

20 requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal

21 access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

§1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

nucleus of operative facts and arising out of the same transactions, are also brought under parallel

California law, whose goals are closely tied with the ADA, including but not limited to violations

of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

*seq.*, including §19959; California Building Code.

4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

founded on the facts that the real property which is the subject of this action is located at/near

429 Gough Street, in the City and County of San Francisco, State of California, and that

plaintiff's causes of action arose in this county.

**PARTIES:**

5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

disabled", "physically handicapped" and "person with physical disabilities" are used

interchangeably, as these words have similar or identical common usage and legal meaning, but

the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

and United States laws. Plaintiff is triplegic. Plaintiff CRAIG YATES requires the use of a

wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

portion of the public whose rights are protected by the provisions of Health & Safety Code

§19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

§12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.      Defendant PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989 (hereinafter alternatively collectively referred to as "defendants") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as THE CREPE HOUSE, located at/near 429 Gough Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

7.      At all times relevant to this complaint, defendant PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, own and operate in joint venture the subject CREPE HOUSE as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

8.      At all times relevant to this complaint, defendant PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989 is jointly and severally responsible to identify and remove architectural barriers at the subject pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.     The CREPE HOUSE, is a restaurant, located at/near 429 Gough Street, San Francisco, California 94102.  The CREPE HOUSE, its entrance, seating, unisex restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the restaurant and each of its facilities, its entrance, seating, unisex restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.     On or about December 24, 2007, defendants' and each of them purchased and/or took possessory control of the premises now known as CREPE HOUSE.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that CREPE HOUSE  was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated the restaurant as though it was accessible.

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the CREPE HOUSE as being handicapped accessible and handicapped usable.

13.     On or about June 26, 2010, November 22, 2010 and January 13, 2011, plaintiff CRAIG YATES was an invitee and guest at the subject CREPE HOUSE, for purposes of having food and beverage.

14.     On or about June 26, 2010, plaintiff CRAIG YATES power wheeled to the entrance of the CREPE HOUSE.  There was no strike side clearance at the door.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1   Plaintiff CRAIG YATES was unable to open the door.  Plaintiff CRAIG YATES's friend, Ben

2   Kinney, opened the door for plaintiff.

3          15.     At said time and place, plaintiff CRAIG YATES encountered dining tables that

4   were not accessible for wheelchair users.  The pedestal style table prevented the wheelchair from

5   being able to go below the table top.  As the restaurant was very crowded, plaintiff CRAIG

6   YATES got a to-go order and left.

7          16.     On or about June 27, 2010, plaintiff CRAIG YATES wrote both the landlord and

8   the tenant.  In substance, plaintiff CRAIG YATES stated:

9                          That his steak and salad were good; that there were

10                 problems, to wit:  Front door pulls out;  tables not suited for

11                 wheelchair users; and questioned whether the restroom was

12                 accessible; Craig Yates provided toll-free numbers for the

13                 Department of Justice, and Disability Center; and That he expected a

14                 disability survey would be done and changes made.

15                 A request for a response within ten (10) days was made by Craig

16                 Yates.

17   Plaintiff CRAIG YATES never received a response.

18          17.     On or about November 22, 2010, plaintiff CRAIG YATES returned to the CREPE

19   HOUSE.  Plaintiff CRAIG YATES encountered a front door that did not allow access.  Plaintiff

20   CRAIG YATES struggled with the door.  A patron saw him and opened the door to allow

21   plaintiff CRAIG YATES to gain entrance.

22          18.     At said time and place, plaintiff CRAIG YATES encountered tables that were not

23   accessible and found that the unisex restroom had many noncomplying elements, to wit:   non-

24   complying paper towel dispenser; noncomplying rear grab bar; lack of insulated lavatory pipes,

25   noncomplying placement of toilet; and lack of strike side clearance as your exiting the restroom.

26   ///

27   ///

28   ///

19.     On or about January 13, 2011, plaintiff CRAIG YATES once again returned to the CREPE HOUSE.  Plaintiff encountered all the same architectural barriers as on all previous visits.

20.     Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject CREPE HOUSE, which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

     a.     lack of directional signage to show accessible routes of travel, i.e. entrances;

     b.     lack of an accessible entrance due to no strike side clearance;

     c.     lack of an accessible dining area; 5% compliance requirement;

     d.     lack of a fully ADAAG handicapped-accessible unisex public restroom;

     e.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

21.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

22.     On or about June 27, 2010, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his/her letter, promising to immediately remove the barriers and providing a date when that would be accomplished.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

23. At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

24. As a legal result of defendant PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

25. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about November 22, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing front entry area without strike side clearance, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open the front door to enter the restaurant.

26. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    No claim is being made for mental and emotional distress over and above that usually associated
2    with the discrimination and physical injuries claimed, and no expert testimony regarding this
3    usual mental and emotional distress will be presented at trial in support of the claim for damages.

4        27.    Defendants', and each of their, failure to remove the architectural barriers
5    complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
6    accommodation, and continues to create continuous and repeated exposure to substantially the
7    same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

8        28.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
9    by defendant PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF
10   LIVING TRUST, dated January 1989, because defendant PHYLLIS SCHROBSDORFF,
11   TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989
12   maintained a crepe house without access for persons with physical disabilities to its facilities,
13   including but not limited to entrance, seating, unisex restroom, and other public areas as stated
14   herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other
15   persons with physical disabilities in these and other ways.

16       29.    On information and belief, construction alterations carried out by defendants have
17   also triggered access requirements under both California law and the Americans with Disabilities
18   Act of 1990.

19       30.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the CREPE
20   HOUSE to be made accessible to meet the requirements of both California law and the Americans
21   with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the
22   restaurant as a public facility.

23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

31.     Plaintiff seeks damages for violation of his civil rights on June 26, 2010,
November 22, 2010 and January 13, 2011 and seeks statutory damages of not less than $4,000,
pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day
after his visit that the trier of fact (court/jury) determines was the date that some or all remedial
work should have been completed under the standard that the landlord and tenant had an ongoing
duty to identify and remove architectural barriers where it was readily achievable to do so, which
deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of
his knowledge and/or belief that neither some or all architectural barriers had been removed and
that said premises remains inaccessible to persons with disabilities whether a wheelchair user or
otherwise.

32.     On information and belief, defendants have been negligent in their affirmative duty
to identify the architectural barriers complained of herein and negligent in the removal of some or
all of said barriers.

33.     Because of defendants' violations, plaintiff and other persons with physical
disabilities are unable to use public facilities such as those owned and operated by defendants on a
"full and equal" basis unless such facility is in compliance with the provisions of the Americans
with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling
defendants to make the CREPE HOUSE accessible to persons with disabilities.

34.     On information and belief, defendants have intentionally undertaken to modify and
alter existing building(s), and have failed to make them comply with accessibility requirements
under the requirements of ADAAG and California Building Code.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1  The acts and omission of defendants, and each of them, in failing to provide the required

2  accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied

3  malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with

4  a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated

5  persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to

6  make a more profound example of defendants, and each of them, to other operators and landlords

7  of other crepe houses  and other public facilities, and to punish defendants and to carry out the

8  purposes of  the Civil Code §§ 51, 51.5 and 54.

9        35.     Plaintiff is informed and believes and therefore alleges that defendant PHYLLIS

10 SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated

11 January 1989, and each of them, caused the subject building(s) which constitute the CREPE

12 HOUSE to be constructed, altered and maintained in such a manner that persons with physical

13 disabilities were denied full and equal access to, within and throughout said building(s) of the

14 crepe house and were denied full and equal use of said public facilities.  Furthermore, on

15 information and belief, defendants have continued to maintain and operate said restaurant and/or

16 its building(s) in such conditions up to the present time, despite actual and constructive notice to

17 such defendants that the configuration of THE CREPE HOUSE and/or its building(s) is in

18 violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES,

19 and other members of the disability community.  Such construction, modification, ownership,

20 operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,

21 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1          36.       On personal knowledge, information and belief, the basis of defendants' actual and

2    constructive notice that the physical configuration of the facilities including, but not limited to,

3    architectural barriers constituting the CREPE HOUSE and/or building(s) was in violation of the

4    civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,

5    communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of

6    conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained

7    from governmental agencies upon modification, improvement, or substantial repair of the subject

8    premises and other properties owned by these defendants, newspaper articles and trade

9    publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

10   service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and

11   other similar information.  Defendants' failure, under state and federal law, to make the  CREPE

12   HOUSE accessible is further evidence of defendants' conscious disregard for the rights of plaintiff

13   and other similarly situated persons with disabilities.  Despite being informed of such effect on

14   plaintiff and other persons with physical disabilities due to the lack of accessible facilities,

15   defendants, and each of them, knowingly and willfully refused to take any steps to rectify the

16   situation and to provide full and equal access for plaintiff and other persons with physical

17   disabilities to the subject restaurant.  Said defendants, and each of them, have continued such

18   practices, in conscious disregard for the rights of plaintiff and other persons with physical

19   disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had

20   further actual knowledge of the architectural barriers referred to herein by virtue of the demand

21   letter addressed to the defendants and served concurrently with the summons and complaint.  Said

22   conduct, with knowledge of the effect it was and is having on plaintiff and other persons with

23   physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety

24   of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per

25   Civil Code §§52 and 54.3.

26          37.       Plaintiff CRAIG YATES and the disability community, consisting of persons with

27   disabilities, would, could and will return to the subject public accommodation when it is made

28   accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

I.   **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendant THE CREPE HOUSE, a.k.a., PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive)
(42 U.S.C. §12101, *et seq.*)

38.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 37 of this complaint.

39.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

40.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///
///
///
///
///

41.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.
>
> 42 U.S.C. §12181(7)(B)

42.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

43.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

///
///
///
///

     (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

     (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

     (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

44.    The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of THE CREPE HOUSE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

45.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1    not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

2    make the required services available through alternative methods which were readily achievable.

3          46.     On information and belief, construction work on, and modifications of, the subject

4    building(s) of THE CREPE HOUSE occurred after the compliance date for the Americans with

5    Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

6    the ADA.

7          47.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

8    *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

9    Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

10   of disability in violation of this title or have reasonable grounds for believing that plaintiff is about

11   to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or

12   making use of the public facilities complained of herein so long as the premises and defendants'

13   policies bar full and equal use by persons with physical disabilities.

14         48.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

15   disability to engage in a futile gesture if such person has actual notice that a person or

16   organization covered by this title does not intend to comply with its provisions." Pursuant to this

17   section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

18   January 13, 2011, but on information and belief, alleges that defendants have continued to violate

19   the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

20   public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

21   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

22   facilities readily accessible to and usable by individuals with disabilities to the extent required by

23   this title."

24         49.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

25   Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

26   the Americans with Disabilities Act of 1990, including but not limited to an order granting

27   injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

28   deemed to be the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

II.    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant THE CREPE HOUSE, a.k.a., PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

50.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 49 of this complaint.

51.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

52.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

53.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

54.     Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to defendants' CREPE HOUSE.  As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the restaurant because of his knowledge and belief that the CREPE HOUSE is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

55.     On or about June 26, 2010, November 22, 2010 and January 13, 2011, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to entrance, seating, unisex restroom and other public facilities as stated herein at the CREPE HOUSE and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

56.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about November 22, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing front entry area without strike side clearance, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open the front door to enter the restaurant.

57.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

58.     Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about June 26, 2010, November 22, 2010 and January 13, 2011, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

59.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this

2  lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

3  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to

4  plaintiff, but also to compel the defendants to make their facilities accessible to all members of the

5  public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party,

6  pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

7  **III.  THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
   **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
8  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant THE
   CREPE HOUSE, a.k.a., PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS
9  SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive)
   (Health & Safety Code §19955, *et seq.*)

10

11     60.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

12  the allegations contained in paragraphs 1 through 59 of this complaint.

13     61.    Health & Safety Code §19955 provides in pertinent part:

14         The purpose of this part is to insure that public accommodations or
           facilities constructed in this state with private funds adhere to the
15         provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
           of Title 1 of the Government Code.  For the purposes of this part
16         "public accommodation or facilities" means a building, structure,
           facility, complex, or improved area which is used by the general
17         public and shall include auditoriums, hospitals, theaters, restaurants,
           hotels, motels, stadiums, and convention centers.  When sanitary
18         facilities are made available for the public, clients or employees in
           such accommodations or facilities, they shall be made available for
19         the handicapped.

20     62.    Health & Safety Code §19956, which appears in the same chapter as §19955,

21  provides in pertinent part, "accommodations constructed in this state shall conform to the

22  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

23  Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

24  public accommodations constructed or altered after that date.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  On information and belief, portions of the CREPE HOUSE and/or of the building(s) were

2  constructed and/or altered after July 1, 1970, and substantial portions of the CREPE HOUSE

3  and/or the building(s) had alterations, structural repairs, and/or additions made to such public

4  accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject

5  to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration,

6  structural repairs or additions per Health & Safety Code §19959.

7      63.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

8  Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

9  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

10  Regulations and these regulations must be complied with as to any alterations and/or

11  modifications of THE CREPE HOUSE and/or the building(s) occurring after that date.

12  Construction changes occurring prior to this date but after July 1, 1970 triggered access

13  requirements pursuant to the "ASA" requirements, the American Standards Association

14  Specifications, A117.1-1961.  On information and belief, at the time of the construction and

15  modification of said building, all buildings and facilities covered were required to conform to

16  each of the standards and specifications described in the American Standards Association

17  Specifications and/or those contained in Title 24 of the California Building Standards Code.

18      64.    Restaurants such as the CREPE HOUSE are "public accommodations or facilities"

19  within the meaning of Health & Safety Code §19955, *et seq*.

20      65.    As a result of the actions and failure to act of defendants, and as a result of the

21  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

22  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

23  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

24  facilities.

66.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

67.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

IV.    **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants THE CREPE HOUSE, a.k.a., PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive)
(Civil Code §51, 51.5)

68.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 67 of this complaint.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

69.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

70.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

71.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §38, *et seq.*, as if repled herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

72.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about  November 22, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing front entry area without strike side clearance, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open the front door to enter the restaurant.

73.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

74.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant THE CREPE HOUSE, a.k.a., PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendant PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive, to make the CREPE HOUSE, located at 429 Gough Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant THE CREPE HOUSE, a.k.a., PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendant PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive, to make the CREPE HOUSE, located at 429 Gough Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.     Treble damages pursuant to Civil Code §54.3;

5.     General damages according to proof;

6.     For all costs of suit;

7.     Prejudgment interest pursuant to Civil Code §3291; and

8.     Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant THE CREPE HOUSE, a.k.a., PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendant PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive, to make the CREPE HOUSE, located at 429 Gough Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant THE CREPE HOUSE, a.k.a., PHYLLIS SCHROBSDORFF, TRUSTEE OF THE PHYLLIS SCHROBSDORFF LIVING TRUST, dated January 1989, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: ___1/25/11___, 2011      THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiff CRAIG YATES, an individual

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: ___1/25/11___, 2011      THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By: _____
THOMAS E. FRANKOVICH
Attorneys for Plaintiff CRAIG YATES, an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Legal Tabs Co. 1-800-322-3022

Recycled 

**A**

June 27, 2010

**Craig Thomas Yates**
**1004 Los Gamos rd Suite E**
**San Rafael, Ca. 94903-2565**

**Manager / Business Owner**
**Property Owner**
**The Crepe House**
**429 Gough St.**
**San Francisco, Ca. 94102**

**So good was the salad with nice medium rare steak I purchased. I love to dine inside next time unfortunately there are several concerns confronting my ease of dining so being I'm disabled in use of a wheel chair. The front door pulls out, theirs no table suited for persons in wheel chairs. Since I didn't need use of your restroom I can't comment rather it's accessible or not, once you survey your restaurant the restroom will come to light if its ADA compliant.**

**I appreciate these issues be corrected so disabled persons such as my self can enjoy dining in at your cheerful Crepe House.**

**I do wish these concerns be addressed and rectified with appropriate results according to ADA. Here are two agencies that can send you information so you can achieve correcting all these issues in need of correction. Pacific ADA and IT Center in Oakland 1-800-949-4232 or DOJ Department of Justice 1-800-514-0301 either of these two agencies can send you copies of ADA and ADAAG codes.**

So thank you again appreciates your indicating how you will proceed in appropriate corrections. Please forward this notice letter of concern to Property owner, this dose concern primarily property owner as well. Look forward to your reply with in 10 days receipt of my letter to you and property owner.

Sincerely,

Craig Thomas Yates